Laury L. Dowd, Esq. Informal Opinion Town Attorney No. 96-17 Town of Southold P.O. Box 1179 Southold, New York 11971
Dear Ms. Dowd:
You have inquired as to the extent to which the town supervisor can be involved in decisions regarding the town police department where her son is a sergeant and her husband is a retired police officer.
You have explained that the town currently is negotiating a contract with the police department. Items being negotiated are the power to supplement the current force with part-time officers, increased leave time, increased salaries, and additional benefits. Your first question is whether the supervisor may participate in deliberations on this contract and whether, once the contract has been approved, she may make decisions regarding the town budget as a whole.
State law does not prohibit persons from serving in the same governmental unit because they are related by consanguinity or family. Therefore, the employment of the supervisor's son in the police department and the status of her husband as a retired officer do not alone disqualify the supervisor from acting.
We note that the governing body of each local government, including a town, is required to adopt a code of ethics setting forth the standards of conduct reasonably expected of its officers and employees. General Municipal Law § 806(1). The code should provide standards for officers and employees with respect to disclosure of interests in legislation and regarding their official and private sector conduct.Id.You should review your code of ethics to determine whether there are applicable provisions.
Public officers have responsibility to exercise their official duties solely in the public interest. 1986 Op Atty Gen (Inf) 101. They should avoid circumstances which compromise their ability to make impartial judgments and must avoid the appearance of impropriety in order to maintain public confidence in government. Id.
We have concluded that members of local legislative bodies should recuse themselves from taking part in any actions concerning the salary and terms and conditions of employment of family members employed by the same local government. 1986 Op Atty Gen (Inf) 101. These are matters in which the legislator would have a personal, rather than governmental, interest. Thus, it seems clear that your town supervisor should recuse herself from negotiations and action on the police benefits contract. Once the contract has been approved, defining the terms and conditions of employment of her son, we believe that the supervisor is not limited in deliberating on the town budget. Other areas of the police department's budget are governmental matters in which the supervisor may participate freely.
You also have stated that the chief of police may retire during the supervisor's term and that his replacement may affect the sergeant positions. You ask whether the supervisor would be disqualified from participating in this appointment. In this instance, the facts are too speculative and undefined for us to give you a view. You may want to present this question to the town or county board of ethics, which can determine the facts and render an opinion. See, General Municipal Law § 808.
Finally, you indicate that the town currently is in litigation regarding the hiring of a police officer from the civil service preferred list. You have asked whether the supervisor may participate in decisions regarding the litigation, and if, generally, she may participate in future hiring of police officers. These items fall under the category of governmental decisions, which you have indicated will have no effect on the salary and terms and conditions of employment of the supervisor's son. Therefore, she may take part in these matters.
We conclude that the town supervisor must recuse herself from taking actions regarding the town police department which affect the terms and conditions of employment of her son, a sergeant in the department.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Attorney General
In Charge of Opinions